UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| NAVIDAD MARTINEZ § <br> § <br> **Plaintiff** § <br> § <br> VS. § <br> § <br> MCDONALD'S CORPORATION, § <br> MCDONALDS RESTAURANT OF § <br> ROBSTOWN, WILLIAM R. RAABE, § <br> AND DALE R. RAABE § <br> § <br> **Defendant** § | Civil Action No. 2:20-cv-00123 |

# FIRST AMENDED COMPLAINT

TO THE U.S. DISTRICT JUDGE:

**COMES NOW**, Plaintiff NAVIDAD MARTINEZ and brings this cause of action against MCDONALD'S CORPORATION ("MCDONALD'S CORP"), MCDONALDS RESTAURANT OF ROBSTOWN ("MCDONALDS OF ROBSTOWN"), WILLIAM R. RAABE (MR. RAABE), and DALE R. RAABE (MR./MS. D. RAABE), collectively referred to as 'DEFENDANTS'. MCDONALD'S CORPORATION owns the real estate, property, and improvements in Robstown, Texas where a business named McDonalds operates. MCDONALDS OF ROBSTOWN, MR. RAABE, and MR./MRS. D. RAABE operate, control, manage, and rent the real estate, property, and improvements in Robstown, Texas where a business named McDonalds operates. Mr. MARTINEZ respectfully shows that the Defendants' real estate, property, and improvements at the location are not accessible to individuals with mobility impairments and disabilities, in violation of federal law.

1

## I. CLAIM

1. Mr. MARTINEZ, a person with a physical disability and mobility impairments, brings this action for declaratory and injunctive relief, attorneys' fees, costs, and litigation expenses against Defendant for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181, *et seq.* ("ADA"), and its attendant regulations, the Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

2. Defendant refused to provide Mr. MARTINEZ and others similarly situated with sufficient ADA-compliant parking in the parking lot that serves the McDonalds. The Robstown location does not provide an ADA-Compliant Van Accessible parking space or disabled parking near the entrance to the restaurant. Based on this fact, DEFENDANTS have denied Mr. MARTINEZ the ability to enjoy the goods, services, facilities, privileges, advantages, and accommodations at McDonalds.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as the events complained of occurred in Robstown, Texas where the McDonalds property is located.

## PARTIES

5. Plaintiff NAVIDAD MARTINEZ is a disabled person, who had portions of his digestive tract removed due to colon cancer treatment at MD Anderson Hospital. Due to the excision and removal of his digestive tract and tissue, Mr. Martinez has

difficulty walking, is disabled, and has a state-issued disabled parking placard. Mr. MARTINEZ has significant mobility impairments and uses assistive devices for mobility. He is a "qualified individual with a disability" within the meaning of ADA Title III.

6.  Defendant MCDONALD'S CORPORATION owns, manages, and controls, the real estate where the McDonalds is situated. The address of McDonalds is 301 S Hwy 77, Robstown, TX 78380. As a restaurant, the business is a place of public accommodation, owned by a private entity, whose operations affect commerce within the meaning of Title III of the ADA.

7.  Defendant MCDONALD'S CORPORATION is a foreign corporation whose headquarters is PO Box 66351 AMF O'Hare Airport, Chicago, IL 60666. Defendant can be served process via their Registered Agent: Prentice Hall Corp System, 211 E. 7th St, Suite 620, Austin, TX 78701-3218.

8.  Defendants MCDONALDS RESTAURANT OF ROBSTOWN, WILLIAM R. RAABE and DALE R. RAABE operate, manage, and control the improvements at 301 S Hwy 77, Robstown, TX 78380. As a restaurant, the business is a place of public accommodation, operated by a private entity, whose operations affect commerce within the meaning of Title III of the ADA. Defendants can be served via personal service at PO Box 1455, Kingsville, TX 78364-1455.

## II. FACTS

9.  McDonalds is a business establishment and place of public accommodation in Robstown, Texas. McDonalds is situated on real estate and property owned by MCDONALD'S CORPORATION. The McDonalds restaurant is operated, managed, and controlled by MCDONALDS OF ROBSTOWN, WILLIAM R. RAABE,

3

and DALE R. RAABE.

10. McDonalds is not accessible to disabled individuals because it has zero ADA-Compliant Van Accessible parking spaces near the main entrance. Disabled Parking must be placed on the shortest possible access route to the business. At this McDonalds location, the disabled parking is placed on the far end of the main parking lot.

11. Pictures taken at the location prove this:



McDonalds restaurant in Robstown, TX. No Disabled Parking at entrance.

4



McDonalds in Robstown, TX. No Disabled Parking at main entrance.



McDonalds in Robstown, TX. North Side of property. No Disabled Parking. No Signs.



McDonalds in Robstown. West Side of Building. No Van Accessible Space. No Disabled Parking.

6



Disabled Parking at McDonalds, at the Far South End of the Parking lot.

12. The Plaintiff went to MCDONALD'S CORP property located at 301 S Hwy 77, Robstown, TX 78380 in May of 2020.

13. In encountering and dealing with the lack of an accessible facility, the Plaintiff experienced difficulty and discomfort. These violations denied the Plaintiff full and equal access to facilities, privileges and accommodations offered by the Defendants. Plaintiff has the intent to return to the McDonalds.

14. Additionally, on information and belief, the Plaintiff alleges that the failure to remove the barrier was intentional because: (1) this particular barrier is intuitive and obvious; (2) the Defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because

7

Defendants intended this configuration; (3) Defendants have the means and ability to make the change; and (4) the changes to bring the property into compliance are "readily achievable."

15. The Defendants' Robstown location does not have the required number of ADA parking spaces. With 26-50 parking spaces, Defendants must have at least <u>two</u> ADA-Compliant Disabled parking spaces including one Van Accessible space (96" Wide with 96" Side Access Aisle). These spaces must be located close to the entrance of the business. *See* pictures above**,** and **Exhibit 1**.

16. There is no Van Accessible Disabled Parking in the parking and retail area at the entrance of the DEFENDANTS' business in Robstown, Texas. Although there is disabled parking at the far South corner of the parking area, the disabled parking is not located near the store entrance or on the shortest possible access route.

17. The Americans with Disabilities Act (ADA), 42 U.S.C. §12101, has been federal law for 30 years.

### III. CAUSE OF ACTION - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12101

18. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

19. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

      a.     A failure to make reasonable modifications in policies practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

      b.     A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2) (A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

      c.     A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

20. Pursuant to 28 C.F.R., Part 36, Appendix D (herein after "1991 Standards"), section 4.1.2, and 36 C.F.R., Part 1191, Appendix B (herein after "2010 Standards"), section 208.2, if a business provides between 26 and 50 parking spaces, Defendant must have at least <u>two</u> ADA-Compliant Disabled parking spaces including one Van Accessible space (96" Wide with 96" Side Access Aisle) near the business entrance. *See* **Exhibit 1**.

21. Here, the Defendants did not provide a sufficient number of ADA-compliant parking spaces in its parking lot, although doing so is easily and readily done, and therefore violated the ADA. This is a violation of the law and is discriminatory.

9

## IV. RELIEF REQUESTED

<u>Injunctive Relief</u>

22. Mr. MARTINEZ will continue to experience unlawful discrimination as a result of Defendants' refusal to comply with the ADA. Injunctive relief is necessary so he and all individuals with disabilities can access the Defendants' property equally, as required by law, and to compel Defendants to repave and restripe the parking lot to comply with the ADA. Injunctive relief is also necessary to compel Defendants to keep the property in compliance with federal law.

<u>Declaratory Relief</u>

23. Mr. MARTINEZ is entitled to declaratory judgment concerning Defendants' violations of law, specifying the rights of individuals with disabilities to access the goods and services at the Defendants' location.

24. The facts are undisputed and Defendants' non-compliance with the ADA has been proven through on-site photographs. Plaintiff proves a *prima facie* case of ADA violations by the Defendants.

<u>Attorneys' Fees and Costs</u>

25. Plaintiff is entitled to reasonable attorneys' fees, litigation costs, and court costs, pursuant to 42 U.S.C. §12205.

## V. PRAYER FOR RELIEF

THEREFORE, Mr. MARTINEZ respectfully requests this Court award the following relief:

    A. A permanent injunction, compelling Defendants to comply with the Americans with Disabilities Act; and enjoining Defendants from violating the ADA and from discriminating against Mr. MARTINEZ and those similarly-situated, in violation of the law;

    B. A declaratory judgment that Defendants' actions are a violation of the ADA;

    C. Find that Mr. MARTINEZ is the prevailing party in this action, and order Defendants liable for Plaintiff's attorneys' fees, costs, and litigation expenses; and,

    D. Grant such other and additional relief to which Plaintiff may be entitled in this action.

DATED: AUGUST 3, 2020    Respectfully,

By:  /s/ R. Bruce Tharpe
R. Bruce Tharpe

**LAW OFFICE OF**
**R. BRUCE THARPE, PLLC**
PO Box 101
Olmito, TX 78575
(956) 255-5111 (Tel)

ATTORNEY OF RECORD FOR
PLAINTIFF NAVIDAD MARTINEZ

CERTIFICATE OF SERVICE

I, R. Bruce Tharpe, hereby certify that a true and correct copy of the foregoing pleading was served upon the Defendants via email notification from the Southern District of Texas ECF system on 8/4/2020. Any Defendants not on the ECF system will be served via U.S. Mail on 8/4/2020.

/s/ R. Bruce Tharpe
R. Bruce Tharpe