United States District Court
Southern District of Texas
**ENTERED**
November 03, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| NAVIDAD  MARTINEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-123 |
| | § | |
| MCDONALD'S CORPORATION, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING MOTIONS TO DISMISS

Plaintiff Navidad Martinez filed suit alleging violations of Title III of the Americans with Disabilities Act (ADA).   Pending before the Court is Defendants McDonald's Corporation, McDonald's Restaurant of Robstown, William R. Raabe, and Dale R. Raabe's motion to dismiss, challenging the Court's subject matter jurisdiction and Martinez's failure to state a claim upon which relief may be granted.  D.E.  21.  Also pending before the Court is Defendant McDonald's Corporation's motion to dismiss, which adopts as its own the prior motion to dismiss.   D.E. 26.   While Defendant McDonald's Corporation was included as bringing the first motion to dismiss, the second motion is filed by separate counsel. Martinez filed responses (D.E. 23, 30) and Defendants filed a reply (D.E. 25).  For the reasons discussed below, the motions, subject to the same analysis, are **GRANTED**.

## BACKGROUND

Martinez is a disabled individual with mobility impairments stemming from his battle with cancer. D.E. 16 p. 2–3.  In May 2020, he visited a McDonald's restaurant,

which was attached to a gas station, located in Robstown, Texas. D.E. 16 p. 7, D.E. 23 p. 4.   During this visit, Martinez alleged that he could not access the restaurant because it lacked ADA-compliant parking spaces. D.E. 16 p. 4, 7.  Specifically, the restaurant did not have the required number of disabled parking spaces, and the disabled parking spaces that it did have were not located "on the shortest possible access route." D.E. 16 p. 4, 8.

On May 16, 2020, Martinez filed suit against Defendant McDonald's Corporation, as alleged owner of the property, alleging ADA violations. D.E. 1.  On August 4, 2020, Martinez amended his complaint to add the remaining Defendants, as alleged operators of the restaurant. D.E. 16 p. 3.

## DISCUSSION

In Defendants' motions, they argue that the Court lacks subject matter jurisdiction and that the disabled parking spaces were fully compliant with the applicable ADA standards. D.E. 21.  Defendants seek relief under both Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). The Court assesses the 12(b)(1) jurisdictional argument first. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).

**A. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(1)**

**a. Standard of Review**

Federal courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and federal statutes. *Gunn v. Minton*, 568 U.S. 251, 256 (2013).  Under Rule 12(b)(1), the case is "properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the

case." *Home Builders Ass'n, Inc. of Miss. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).  Standing and ripeness are essential components of federal subject matter jurisdiction. *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005).

A 12(b)(1) motion may be based on a facial or factual attack on the court's jurisdiction.  *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).  An attack is factual if the defendant "submits affidavits, testimony, or other evidentiary materials." *Id*. Here, because Defendants submitted an affidavit in support of their motions, the Court considers the motions a factual attack.

To defeat a factual attack, a plaintiff must prove the existence of subject matter jurisdiction by a preponderance of the evidence and is "obliged to submit facts through some evidentiary method to sustain his burden of proof." *Superior MRI Servs., Inc. v. Alliance Healthcare Servs., Inc*., 778 F.3d 502, 504 (5th Cir.  2015).   "In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir. 1981) (quoting *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977)).

A court may consider the following to determine subject matter jurisdiction: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson*, 645 F.2d at 413.

### b.  The Court Will Consider the Relevant Exhibits

In their motions, Defendants submitted an affidavit from Rama Dominy, McDonald's area supervisor (D.E. 21-2), and an ADA investigatory report (D.E. 21-1). Martinez objects to the exhibits because:  (1) it is "improper to submit expert reports, affidavits, or extrinsic evidence in a motion to dismiss" (D.E. 23 p. 10 n.4), and (2) the report contradicts the affidavit and contains hearsay. D.E. 23 p. 9–11.  The Court does not consider the report because it is not offered on the jurisdictional issue.  The Court OVERRULES Martinez's objections as to the affidavit.

First, as previously stated, in a factual attack under Rule 12(b)(1), a party may attach extrinsic evidence to support its position.  Second, any inconsistencies in the affidavit and report are immaterial to determine jurisdiction.[1]

### c.  Martinez Lacks Standing

To have Article III standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).  "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id*.  "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly ... allege facts demonstrating' each element." *Id*. (quoting *Warth v. Seldin*, 422 U.S. 490, 518(1975)).

---

[1] Martinez argues that the report and the affidavit contradict each other regarding when the restaurant was last updated. D.E. 23 p. 9–11.  The affidavit states that the store was last updated in 2014, while the report states that the store was constructed prior to 1990.  The statements are not inconsistent.  The dates are important for determining which ADA standards apply.  The report used the 2010 ADA standards which for new construction and alterations became effective on March 15, 2012. 28 C.F.R. § 36.406 (a)(3).

Title III of the ADA limits a plaintiff "to injunctive relief, and a restraining or other similar order." *Plumley v. Landmark Chevrolet*, Inc., 122 F.3d 308, 312 (5th Cir. 1997) (citing 42 U.S.C. § 12188). A plaintiff seeking equitable relief must show that there is a real and immediate threat of repeated injury. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). Even if a plaintiff suffered past injuries, he must show a real or immediate threat that he will be wronged again. *Id*. at 111. A plaintiff's assertion of an intent to return to a place previously visited is not enough. "Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992) (internal quotations omitted). Martinez does not have standing here.

First, Martinez did not suffer a past injury. Rama Dominy testified that, at the one time Martinez claims to have visited the McDonald's restaurant, the lobby was closed to all patrons in compliance with pandemic restrictions prompted by COVID-19. D.E. 21 p. 9–10, D.E. 21-2. The restaurant was open only for curbside and drive-through services, neither of which required Martinez to exit his vehicle. D.E. 21 p. 9–10, D.E. 21-2.

Martinez failed to provide any controverting evidence that the McDonald's lobby was open. Thus, the alleged lack of ADA-compliant parking spaces could not have deterred him from entering the lobby to make a purchase. While he argues that the gas station lobby was open, this argument does not address whether customers could enter the McDonald's lobby to be served there.

Simply alleging that the McDonald's lobby was open is not enough. When determining a factual attack under Rule 12(b)(1), no presumptive truthfulness attaches to Martinez's allegations, and disputed material facts will not prevent a court from determining the merits of a jurisdictional claim. *Williamson*, 645 F.2d at 413. Martinez must submit evidence to sustain his burden of proof. *Superior,* 778 F.3d at 504. Because Martinez failed to provide evidence that the McDonald's lobby was open, he did not demonstrate that he suffered a past injury.

Second, Martinez failed to satisfy the future-injury standing requirement articulated in *Frame v. City of Arlington*, 657 F.3d 215 (5th Cir. 2011). In *Frame*, plaintiffs who depended on motorized wheelchairs sued the City of Arlington, alleging that the city had built and altered sidewalks that were not accessible to them, in violation of the ADA. *Id*. at 221. The Fifth Circuit held that the plaintiffs did not need to actually use the sidewalks to have standing. *Id*. 235–36. Instead, the plaintiffs could show an actual or imminent injury if they showed that the ADA violation would actually affect them in a concrete way. *Id*. The plaintiffs in *Frame* established standing because they "alleged in detail how specific inaccessible sidewalks negatively affect their day-to-day lives by forcing them to take longer and more dangerous routes to their destinations." *Id*. at 236.

Here, neither side has offered evidence on this issue. Thus, the issue must be determined on the basis of the allegations alone. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Martinez's allegations are not nearly as specific as those in *Frame*. His only allegation regarding future injury is, "Plaintiff has the intent to return to the McDonalds."

6 / 8

D.E. 16, ¶ 13.  The Fifth Circuit has held that having "some day" intentions, "without any description of concrete plans," does not support standing. *Frame*, 657 F.3d at 235.

There are no magic words that separate "some day" intentions from concrete plans.  However, courts look to context to determine the issue.  For instance, in *Lujan*, the Supreme Court rejected claims based on enjoyment of endangered species where that enjoyment required travel halfway around the globe and the plaintiffs had no imminent plans to go.  *Lujan*, 504 U.S. at 564.  On the other hand, testimony that the plaintiff lived in proximity to the place to be visited (a polluted river), along with frequent desires to make specific use of the place (fishing, camping) did support standing in an environmental case.  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc*., 528 U.S. 167, 181-82 (2000).  Likewise, in the context of the ADA, frequent visits to a grandparent and wanting to use the nearby grocery store supported standing to complain of architectural barriers. *Pickern v. Holiday Quality Foods Inc*., 293 F.3d 1133, 1137–38 (9th Cir. 2002).

Here, Martinez has not even alleged that he resides in or near Robstown or that he has reasonably specific plans to visit the area in the future.  A bare allegation of intent to revisit this McDonald's location is nothing more than a "some day" allegation, which is insufficient on its face to support standing.  Having offered no allegations or evidence with greater specificity, the amended complaint is insufficient to support standing for this action.

In conclusion, because there is no evidence that the alleged ADA violations affect his projected activities in a concrete way, Martinez has failed to show any likelihood of

future injury. *See Deutsch v. Annis Enter., Inc*., 882 F.3d 169, 173–74 (5th Cir. 2018) (reaching a similar conclusion).    Finally, because the Court lacks subject matter jurisdiction, it does not reach Defendants' 12(b)(6) arguments.

**CONCLUSION**

Because the Court lacks subject matter jurisdiction, the Court **GRANTS** Defendants' motions to dismiss (D.E. 21, 26) and **DISMISSES** the case against all Defendants.

ORDERED this 3rd day of November, 2020.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE